UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In Re:     David Moore                    §
                                          §  Bankruptcy Case No. 10-40579-H1-12
           Lisa Therese Moore             §

CHAPTER 12 PLAN AND MOTION TO VALUE COLLATERAL

The Debtors hereby move the Court to value the collateral on the claims where this Plan proposes to pay only the value of the collateral or otherwise indicates a value.

Debtor(s), by and through counsel, and pursuant to 11 U.S.C. § 1221 and § 1222, submits the following Chapter 12 Plan.

I. Definitions

The following terms, when used in this Chapter 12 Plan, have the following meanings:

CLAIM: A timely-filed claim which is allowed and ordered paid by the Court.

EFFECTIVE DATE OF PLAN: The date upon which the Confirmation Order is entered by the Court. Payments to the Trustee shall be made as required by § 1226.

II. Means of Execution and Plan Payments

The Debtor(s) shall make monthly payments to the Trustee in the amount of $1,787.78 commencing 30 days after the date of entry of the order confirming this Plan, regardless of whether such order is final. This amount represents the Debtors' projected disposable income under Schedules I and J less the amount necessary for property taxes. The payments shall be of a duration of 60 months, unless all amounts due under this plan to

be paid to the Trustee less the product of the monthly payment to the holder or servicer of the mortgage on the Debtors farm multiplied by the number of months remaining in the plan has been paid to the Trustee, in which case the payments under plan is completed at such time. The payment of any court ordered adequate protection directly to a creditor or any other payment made directly to a creditor under this plan shall be accounted as a payment under this Plan.

Debtors may take a one to six month plan payment moratorium by filing notice thereof with the Court.  Debtors may do this as many for as many as a cumulative total of six months for all moratoria combined without permission from the Court.  Thereafter, Debtors need to seek a moratorium by motion.  A moratorium is a break in plan payments where the obligation to make payments is suspended during the applicable months and resumes for that month on Month 60.  Trustee shall still make distributions to the extent funds are available during a moratorium month.  Debtors shall make up the amount of the monthly payments to the Trustee suspended during the moratoria no later than Month 60 of the plan.  Debtors shall not be considered late for failure to make a plan payment for a month in which the Debtor has filed a notice of moratorium or has a pending motion for a moratorium.

## II. Feasibility

Schedules I and J in this case show a disposable income of $2,173.86. The Plan payment as proposed is $1787.78 (which is $2,173.86 minus the $386.08 estimated monthly pro-ration of the annual property taxes on the farm)  monthly. Based on the originally filed

schedules, the Plan payment is within the amount of disposable income. Debtors reserve the right as described in this plan to take a moratorium with their payments.

### III. Treatment of Classes of Claims

**Class 1. Administrative Claims.** All administrative claims shall be paid in full from the first funds available except the fees of the Trustee. Attorney fees were paid prior to filing as a non-refundable retainer of $4,500 as fixed fee (including that Counsel pays the filing fee) which includes all work in this Chapter 12 proceeding except adversary proceedings and appeals. It is almost certain that more fees for the preexisting appeal will be incurred and fee applications or other permission from the Court will be sought to have such approved and paid either by the Trustee or the Debtors directly as appropriate. These amounts may reduce the amounts paid under this plan to non-priority unsecured creditors.

**Class 2. The Allowed Secured Claims of American Home Mortgage Servicing.**
Class 2 – American Home Mortgage Servicing (who acts as a services for Deutsche Bank who is a trustee for a trust – any references to either includes the other) has a secured claim in the amount of approximately $340,000.00 secured by a home equity loan on the farm. This claim will be paid at the fair market value as a secured claim at $247,000.00 in monthly installments of $1,215.09 for principal and interest only for a period of 30 years and Creditor shall retain its lien. Class 2 shall bear interest at the rate of 4.25% as a fixed rate. Payments to this creditor shall start at the first distribution after confirmation by the Trustee. During the life of the loan as modified the creditor may not charge or bill to the Debtors' account any fees of any kind, including but not limited to attorneys fees, without

prior permission from this Court.  Regardless of when payments are made no additional interest will accrue or may be charged.  All payments made shall be properly and promptly credited by the servicer or holder of the claim, including partial payments and such may not be placed in suspense accounts.  During the 60 months of this plan the account shall be reported to credit bureaus as timely and afterwards the payments are due on the 15th of each month and may not be reported as late to credit bureaus unless the date the lender receives as evidenced by postal, carrier, or electronic payment records (not the date it credits) the payment more than 30 days after such date.  The servicer shall send monthly statements to Debtors and allow Debtors the same online and telephone access to their account and the same ability to make payments as it allows Debtors who are not in bankruptcy or not past due.

Debtors or Debtors Attorney may send Qualified Written Requests under RESPA the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., to either the servicer's designated RESPA address, the address on the proof of claim, or an address for the servicer's attorneys appearing on a document filed in this Court.  Debtors remain not personally liable as only the in rem lien remains the sole recourse for such creditor. Debtors shall pay property taxes and insurance separately on this property while the Trustee shall make the principal and interest payment during the term on this plan.  After this plan is complete the Debtors will pay the payments on this claim directly. Within  60 days after confirmation the servicer of this loan shall provide Debtors a recordable instrument evidencing this modification.  This modification survives the conversion or dismissal of this case if such should happen.

**Class 3. The Allowed Secured Claims of United Heritage Credit Union.**

Class 3 – United Heritage Credit Union has a secured claim in the amount of $12,283.00 secured by a lien on a trailer. This claim will be paid at the fair market value as a secured claim at $4,000.00 in monthly payments of $74.12 through the Chapter 12 Trustee over a period of eight (5) years and Creditor shall retain its lien. Class 3 shall bear interest at the rate of 4.25% and be paid pro rata.  Any amounts paid as pre-petition adequate protection payments shall be credited to the amount paid in this plan.  The lien and the title shall be released to Debtors as soon as this creditor receives the full amount due under this Plan.

**Class 4. The Allowed Secured Claims of Taxing Authorities**

Class 4–Taxing Authorities who have a statutory lien under the Texas Property Code have a secured claim in the amount of approximately $4,633.00 which represents the estimated annual taxes thus the estimated amount of the lien.  Any statutory liens are retained until satisfied under non-bankruptcy law.  This claim will be paid by Debtors directly according to non-bankruptcy law by the due date and under the terms provided for under non-bankruptcy law.  Debtors shall not be denied an extension or payment plan by reason of their bankruptcy filing and are entitled to the same terms for such as a person who is not in bankruptcy.  Neither such an extension or payment plan be considered a default under this plan.

**CLASS 5. Priority Claims.** None as of this date.  Any pri

**CLASS 6. General Unsecured Creditors.** The Unsecured Creditors, whose claims are duly approved and allowed by the Court, shall be paid pro rata in monthly installments subsequent to payment of Class 1, Class 2,3,4, and Class 5, over a term of not more than five years.  Schedule F contains $251,763.23 in such claims.  Is is estimated that this class will receive up to $19,187.52.  The anticipated percentage dividend to this class is 7.62%.  There is presently a dispute with regard to the value of the collateral for United Heritage Credit Union.  It is also possible that the mortgage company may dispute the value that Debtors' appraiser found.  Additionally, attorneys fees are very likely to be incurred in defending the appeal against Lisa Bushman.  These will reduce the payout to unsecured creditors.

### IV. Liquidation Analysis

Scheduled unsecured debts total $251,763.23. The maximum amount to be paid under this plan to general unsecured creditors is $19,187.52. The non-exempt property totals $3,000.20. The Plan as proposed meets the Liquidation Test.

### VI. General Provisions

Upon the effective date of this Plan, the property of the estate shall not revest in Debtor pursuant to 11 USC § 1227 (b) and the Automatic Stay granted pursuant to 11 USC § 362 and any other stays shall remain in full force and effect until further Order of the Court. After confirmation debtors may regardless of whether in the ordinary course of business or not incur credit, sell property if the liens as modified by this plan are paid in full at

time of closing, and pay their attorneys without first seeking approval of this Court. Motions for comfort orders may be filed ex parte. The default provisions in this Plan supersede the default provisions in any previous Orders for Adequate Protection. This Court shall retain jurisdiction over proceedings relative to this Chapter 12 case.

Respectfully Submitted,

2/21/11   /s/ David Moore_____
Date   Debtor

2/21/11   /s/ Lisa Moore_____+__
Date   Joint Debtor

2/21/11   /s/ Alexander B. Wathen
Date   Alexander B. Wathen
Attorney for Debtor(s)
Texas Bar No. 24005122
S.D. Tex. No. 22793
10333 Northwest Freeway, Suite 503
Houston, TX 77092
Ph. (281) 999-9025
Fax (281) 616-6242
wathenecf@gmail.com

### CERTIFICATE OF SERVICE

I certify that on **February 21, 2011**, I have or am contemporaneously serving a copy of these documents with all attachments on those entities listed below either by first class mail or through the Clerk by electronic mail.

2/21/11   /s/ Alexander B. Wathen
Date   Alexander B. Wathen

**BY ELECTRONIC MEANS THROUGH THE CLERK OR BY FIRST CLASS MAIL:**

Chapter 12 Trustee & U.S. Trustee

A SEPARATE CERTIFICATE OF SERVICE WILL BE FILED EVIDENCING SERVICE OF PLAN ON THE CREDITORS