UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In Re:    David Moore              §
                                   §   Bankruptcy Case No. 10-40579-H1-12
          Lisa Therese Moore       §

## CHAPTER 12 PLAN AND MOTION TO VALUE COLLATERAL

The Debtors hereby move the Court to value the collateral on the claims where this Plan proposes to pay only the value of the collateral or otherwise indicates a value.

Debtor(s), by and through counsel, and pursuant to 11 U.S.C. § 1221 and § 1222, submits the following Chapter 12 Plan.

### I. Definitions

The following terms, when used in this Chapter 12 Plan, have the following meanings:

CLAIM: A timely-filed claim which is allowed and ordered paid by the Court.

EFFECTIVE DATE OF PLAN: December 15, 2011. Payments to the Trustee shall be made as required by § 1226.

### II. Means of Execution and Plan Payments

The Debtor(s) shall make monthly payments to the Trustee in the amount of $2,307.78 commencing December 15, 2011, regardless of whether such order is final. This amount represents the Debtors' adjusted projected disposable income under Schedules I and J less the amount necessary for property taxes or other as determined. The payments shall be of a duration of 60 months.

## II. Feasibility

Debtors are able to pay $2,307.78. The Plan payment as proposed is $2,307.78 monthly. Based on the testimony at the hearing, the Plan payment is within the amount of disposable income.

## III. Treatment of Classes of Claims

**Class 1. Administrative Claims.** All administrative claims shall be paid in full from the first funds available except the fees of the Trustee. Attorney fees were paid prior to filing as a non-refundable retainer of $4,500 as fixed fee (including that Counsel pays the filing fee) which includes all work in this Chapter 12 proceeding except adversary proceedings and appeals. It is almost certain that more fees for the preexisting appeal will be incurred and fee applications or other permission from the Court will be sought to have such approved and paid either by the Trustee or the Debtors directly as appropriate. These amounts may reduce the amounts paid under this plan to non-priority unsecured creditors.

**Class 2. The Allowed Secured Claims of American Home Mortgage Servicing.**
Class 2 – American Home Mortgage Servicing (who acts as a services for Deutsche Bank who is a trustee for a trust – any references to either includes the other) has a secured claim secured by a home equity loan on the farm. This claim will be paid at the fair market value as a secured claim at $298,633.00, and confirmation of this plan values the collateral at such value pursuant to Section 506, in monthly installments of $1,649.06 for principal and interest only for a period of 30 years and Creditor shall retain its lien. Class

2 shall bear interest at the rate of 5.25% as a fixed rate.  Payments to this creditor shall start at the first distribution after confirmation by the Trustee.  The servicer shall send monthly statements to Debtors and allow Debtors the same online and telephone access to their account and the same ability to make payments as it allows Debtors who are not in bankruptcy or not past due.

　　　　Debtors or Debtors Attorney may send Qualified Written Requests under RESPA the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., to either the servicer's designated RESPA address, the address on the proof of claim, or an address for the servicer's attorneys appearing on a document filed in this Court.  Debtors remain not personally liable as only the in rem lien remains the sole recourse for such creditor.  Debtors shall pay property taxes and insurance separately on this property while the Trustee shall make the principal and interest payment during the term on this plan.  After payments under this plan to the Trustee are complete the Debtors will pay the payments on this claim directly.

**Class 3. The Allowed Secured Claims of United Heritage Credit Union.**

Class 3 – United Heritage Credit Union has a secured claim in the amount of $12,283.00 secured by a lien on a trailer. This claim will be paid at the fair market value as a secured claim at $9,000.00 in monthly payments of $166.67 through the Chapter 12 Trustee over a period of five (5) years and Creditor shall retain its lien. Class 3 shall bear interest at the rate of 4.25%.  Any amounts paid as pre-petition adequate protection payments including directly by the Debtor shall be credited to the amount paid in this plan.  The lien and the

title shall be released to Debtors as soon as this creditor receives the full amount due under this Plan.

**Class 4. The Allowed Secured Claims of Taxing Authorities**

Class 4–Taxing Authorities who have a statutory lien under the Texas Property Code have a secured claim in the amount of approximately $4,633.00 which represents the estimated annual taxes thus the estimated amount of the lien.  Any statutory liens are retained until satisfied under non-bankruptcy law.  This claim will be paid by Debtors directly according to non-bankruptcy law by the due date and under the terms provided for under non-bankruptcy law.  Debtors shall not be denied an extension or payment plan by reason of their bankruptcy filing and are entitled to the same terms for such as a person who is not in bankruptcy.  Neither such an extension or payment plan be considered a default under this plan.

**CLASS 5. Priority Claims.** None as of this date.  Any allowed priority claims will be paid prior to general unsecured claims.

**CLASS 6. General Unsecured Creditors.** The Unsecured Creditors, whose claims are duly approved and allowed by the Court, shall be paid pro rata in monthly installments subsequent to payment of Class 1, Class 2,3,4, and Class 5, over a term of not more than five years.  Schedule F contains $251,763.23 in such claims.  Is is estimated that this class will receive in excess of $15,676.32.  The anticipated percentage dividend to this class is more than 6%.  Actual amounts will vary depending on the actual allowed claims.

Additionally, attorneys fees have been incurred in defending the appeal against Lisa Bushman.  These will reduce the payout to unsecured creditors.

### IV. Liquidation Analysis

Scheduled unsecured debts total $251,763.23. The minimum amount to be paid under this plan to general unsecured creditors is in excess $15,676.32 less any other administrative or priority claims that are incurred. The non-exempt property totals $3,000.20. The Plan as proposed meets the Liquidation Test.

### VI.  Provisions Relating Lisa Bushman

If the adversary proceeding including any appeals therefrom are resolved in favor of the Debtors with respect to the disputed acres those acres become part of their exempt homestead.  If the adversary proceeding is resolved in favor of Lisa Bushman with respect to the disputed acres then the disputed acres do not belong to the Debtors. The debtors shall not interfere with Lisa Bushman's use and possession of the 18 acres of property adjacent to the debtors' homestead. The debtors shall be allowed to establish an easement on the adjacent 18 acres which allow debtors reasonable ingress to and egress from their homestead.  The debtors shall surrender their interest in Davlis Enterprise Limited, and in Davlis L.L.C.

### VII. General Provisions

Upon the effective date of this Plan, the property of the estate shall not revest in Debtor pursuant to 11 USC § 1227 (b) and the Automatic Stay granted pursuant to 11 USC § 362 and any other stays shall remain in full force and effect until further Order of the Court. After confirmation debtors may regardless of whether in the ordinary course of business or not incur credit, sell property if the liens as modified by this plan are paid in full at time of closing, and pay their attorneys without first seeking approval of this Court. Motions for comfort orders may be filed ex parte.  The default provisions in this Plan supersede the default provisions in any previous Orders for Adequate Protection. This Court shall retain jurisdiction over proceedings relative to this Chapter 12 case.

                                        Respectfully Submitted,

12/22/11  
Date  

/s/ David Moore  
Debtor

12/22/11  
Date  

/s/ Lisa Moore     +  
Joint Debtor

12/22/11  
Date  

/s/ Alexander B. Wathen  
Alexander B. Wathen  
Attorney for Debtor(s)  
Texas Bar No. 24005122  
S.D. Tex. No. 22793  
10333 Northwest Freeway, Suite 503  
Houston, TX 77092  
Ph. (281) 999-9025  
Fax (281) 616-6242  
wathenecf@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on December 22, 2011, I have or am contemporaneously serving a copy of these documents with all attachments on those entities listed below either by first class mail or through the Clerk by electronic mail.

<u>12/22/11</u>                                              <u>/s/ Alexander B. Wathen                    </u>
Date                                                    Alexander B. Wathen

**BY ELECTRONIC MEANS THROUGH THE CLERK OR BY FIRST CLASS MAIL:**

Chapter 12 Trustee & U.S. Trustee

Any entities receiving ECF notices.