UNITED STATES BANKRUPTCY COURT
Southern District of Texas-Houston Division

In Re:      David Moore and          )
            Lisa Moore               )
                Debtors              )   Case No. 10-40579-H1-12
                                     )          Chapter 12

EMERGENCY MOTION TO
HOLD DEBTORS IN CONTEMPT

This motion seeks an order that may adversely affect you. If you oppose this motion, you should immediately contact the objecting party to resolve the dispute. If you and the moving party cannot resolve the dispute, you must file a response and send a copy to the moving party within 20 days of the date this was served upon you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

Lisa Bushman is out of town until September 9th, 2013 and thus will not available to attend the hearing if set for the week of September 9, 2013. Ronald H. Tonkin will not be available for most of week of September 9th, 2013 in order to have treatment at MD Anderson Cancer Hospital. Movant's would request a hearing on this motion the week of September 16th, 2013.

   Ronald H. Tonkin, attorney for movants, Lisa Bushman, Davlis

Enterprises, LTD, and its successor entity, Integrity Land Services and Investments

1

LLC, moves the court to hold the debtors in contempt pursuant to Section 105 (a) of the Bankruptcy Code and Rule 9020 for the willful violation of the Court's order of January 12, 2012 and August 30, 2013.

1. This motion is being brought pursuant to Section 105 (a) of the Bankruptcy Code and Rule 9020 which provides in relevant part that the Court may issue any order to enforce any order of the Court. This Court has the power and the authority to hold the debtors in contempt of its Order date January 12, 2012 and August 30, 2013 This motion arises out of a core proceeding.

2. This case has a long and tortuous 10 year history including the Fifth Circuit's decision regarding the litigants. As the Fifth Circuit stated in its opinion dated April 3, 2012 **In the matter of David Moore**, Appellant (Case Number 11-20688) "We conclude that Appellant's arguments are meritless, as the carefully wrought opinions of the bankruptcy court and district courts patiently explained. ***There is no justification for prolonging this litigation, nor can we fruitfully add to the decisions already rendered***. **AFFIRMED**". [Emphasis added] It appears that the words of the 5th Circuit' decision hasn't been understood by the debtors and they have continued this fight would the Movants in violation of this Court's orders.

3. The order of January 12, 2012 ordered that debtors were "not [to] interfere with Lisa Bushman's use and possession of the 18 acres of property adjacent to

debtors' homestead".(Dtk 90).

The debtors in violation of the January 12, 2012 and August 30, 2013 order committed the followings acts:

A. While the Court while on the bench on August 30, 2013 preparing its order, upon belief the debtor, Lisa Moore, who was present in Court, was texting a message to her husband, co-debtor, David Moore alerting him to the Court's order. Immediately upon receipt of the Court's ruling via the text message on the cell phone on August 30, 2013, David Moore removed farm equipment and other items from the 18 acres owned by the Movants. These acts were in violation of the admonishment by the Court that what equipment that had already been removed and stored on debtors homestead would remain the possession of the debtors. The Court also stated that the farm equipment and other items on the 18 acres would remain in the possession of the Movants and were not to be removed by debtors.

4. The debtors have wilfully violated the orders of the Court and should be held in contempt of this Court's orders.

5. The debtors have brought prolonged and unnecessary litigation for which compensatory damages, attorney's fees and punitive damages should be awarded to Lisa Bushman. Initially, Lisa Bushman brought suit in state district court and was awarded a substantial judgment against the debtors. Debtors filed a Chapter 13 in

bankruptcy court. Lisa Bushman filed an adversary action and received a judgment against debtors. (Judge Paul presiding). Debtors filed an appeal to the district court (Judge Gilmore presiding) in which judgment was entered in favor of Lisa Bushman (lengthy opinion filed). The debtors then filed an appeal to the Fifth Circuit which appeal was denied as being moot. The debtors then filed a motion for new trial with the Judge Paul which motion was denied (lengthy opinion filed). The debtors then filed an appeal to the Fifth Circuit which appeal was denied. When all of the appeals were exhausted, the debtors filed a second bankruptcy (Chapter 12). It was in the Chapter 12 proceeding (the instant case) that this litigation appeared to be concluded in which Lisa Bushman again received ownership of Davlis Enterprises, LTD, which owned the 18 acres of land. However, this litigation has not ended. Thus, this emergency motion for contempt has been brought in the last attempt to conclude this dispute after 10 years of litigation. It appears that the debtors are unwilling to accept the decisions and judgments of the bankruptcy courts, the district court and the Fifth Circuit and continue their fight with Lisa Bushman. The actions of the debtors are unnecessarily litigious, highly reprehensible, vexatious, done with malice and with reckless indifference.

    6. Debtors have caused Lisa Bushman to incur considerable attorney's fees in excess of $250,000.00 not only for prosecuting this motion but pursuing various outstanding judgments against the Moores. **Faulkner v . Kornman**, 2012 Bankr.

LEXIS 3475 (SD Tex, 2012)

7. Because the conduct of the debtors has been vexatious, willful, egregious, and contemptible the Movants should be awarded civil contempt damages and punitive damages as a result of the willfulness of their conduct. **U.S.A v. Revie**, 834 F.2d 1198 (5[th]Cir.1987).

8. The conduct of the debtors is so egregious that an injunction is warranted in the case at bar enjoining the debtors from trespassing on the 18 acres; threatening Lisa Bushman either physically or verbally and enter an order returning all property taken from the 18 acres and restoring the property to its original state.

7. The conduct of the debtors is so egregious that punitive damages should be awarded Lisa Bushman and/or the entities which she is/was the principal owner.

8. The debtors should be ordered to pay the attorney's fees and expenses incurred in bringing on this emergency motion for contempt in an amount to be determined at the time of hearing. In addition the court should order the debtors to pay attorney's fees for prosecuting two appeals to district court, for defending two appeals to the Fifth Circuit and prosecuting Movant's claim in this court.

9. The court should order the debtors to pay the outstanding judgments ordered by Judge Paul ($141,814.94 (attorneys fees) plus costs and interest; $125,000.00 plus interest of $23,043.42, attorneys fees incurred in bringing on this motion, all judgments

to be paid at the interest rate of .07 per annum). Said judgments should be paid from the debtors' exempt property. **Faulkner v. Kornman**, 2012 Bankr. LEXIS 3475(Bankr. S.D. Tex July 27, 2012-Judge Isgur).

10. The Court also stated in its August 30, 2013 order that any person violating the terms of the order will pay $5,000.00 per day for each violation. The payments to be imposed against debtors should be determined at the time of hearing and such amounts should b secured by a lien on their 7.412 acre tract.

## CONCLUSION

For all the reasons set forth above, movants requests that the Court hold the debtors, David Moore and Lis Moore, in contempt for the willful violation of the Court's orders of January 12, 2013 and August 30, 2013; enter a damage judgment in favor of movants in amount to be determined after an evidentiary hearing on the issue of damages; enter judgment for movants for the unpaid judgments which were awarded to Lisa Bushman; order that all judgments be paid from the exempt property of the debtors; enter judgment for costs that have been incurred by movants be paid by debtors; that all judgments be entered against the debtors individually and severally.

**Certificate of Conference**. On September 3, 2013 at 11:00 am, Ronald H. Tonkin left a messages with the office of Alex Wathen advising him that he would

be filing the emergency motion for contempt and has not been able to communicate with Alex Wathen in order to conference.

Dated: September 3, 2012            Respectfully submitted,

/s/
Ronald H. Tonkin
Attorney for Lisa Bushman, Davlis Enterprises, LTD and Integrity Land Services and Investments, LLC.
2777 Allen Parkway -Suite 1080
Houston, Texas 77019
Tel. 713-942-9111
Fax 713-942-0102
E-mail: rhtonkin@juno.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon all parties via: (e-filing) the 3rd day of September, 2013 and via U.S. Mail to attorney of record Alexander L. Wathen:

| | |
|---|---|
| Alexander B. Wathen<br>10333 Northwest Freeway, Suite503<br>Houston, Texas 77092 | Efiling & regular mail |
| Owen M. Sonik | Efiling |
| U.S. Trustee | Efiling |

/s/
Ronald H. Tonkin

7